UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICHOLAS ODELL          JURY TRIAL DEMANDED

v.          CASE NO. 3:13 CV

WALLINGFORD MUNICIPAL FEDERAL CREDIT UNION
MICHAEL T. MCCORMACK
HINCKLEY, ALLEN & SNYDER, LLP

## COMPLAINT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a *et seq.*, the Consumer Credit Reports Act ("CCRA"), Conn. Gen. Stat. §36a-695, and common law.

2. The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."

3. This Court's jurisdiction is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1331 and §1367.

4. Plaintiff is an individual who resides in Connecticut. He is married to Naomi Odell.

5. Wallingford Municipal Federal Credit Union (the Credit Union) is a financial institution with its office in Wallingford CT.

6. Defendant Hinkley, Allen & Snyder, LLC is a law partnership with an office in Hartford CT. Defendant McCormack is a partner thereof acting on its behalf. Hereafter, defendants will be referred collectively as "McCormack."

7. In or about September, 2007, the Credit Union obtained a Trans Union consumer report concerning plaintiff.

8. In order to obtain plaintiff's credit report, the Credit Union was required to certify that the report was sought and would be used only for permissible purposes. 15 U.S.C. §1681e(a).

9. Thereafter, the Credit Union provided the consumer report to McCormack, its counsel in connection with a state court action by Naomi Odell against the Credit Union.

10. McCormack had no permissible purpose to obtain plaintiff's credit report, nor did he certify that he had a permissible purpose.

11. In January, 2013, McCormack used the plaintiff's consumer report at trial for the purpose of cross-examination of Naomi Odell.

12. CEOs of the Credit Union were present in the courtroom during McCormack's use of the plaintiff's consumer report, and did not object thereto.

13. Defendants violated the FCRA by obtaining or using plaintiff's credit report in the state court litigation. 15 U.S.C. § 1681b(f); e.g., <u>Yohay v. City of Alexandria Employees Credit Union, Inc</u>., 827 F.2d 967 (4th Cir. 1987)

14. Defendants refused to retract the use of the credit report despite repeated request.

15. As a direct and proximate result of such conduct, the plaintiff sustained actual damage including outrage, invasion of privacy, embarrassment and emotional distress.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and further relief as law or equity may provide.

THE PLAINTIFF

BY_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net